Steven W. Hirsch Decatur County Attorney P.O. Box 96 Oberlin, Kansas 67749
Dear Mr. Hirsch:
As Decatur County Attorney you request our opinion on whether the Decatur County Hospital Board may invest its county hospital funds in Decatur County Economic Development Corporation's proposed for-profit retirement project. Alternatively, you ask whether the Board could purchase and operate a part of the project.
K.S.A. 19-4601(d) defines "hospital moneys" as "moneys acquired through the issuance of bonds, the levy of taxes, the receipt of grants, donations, gifts, bequests, interest earned on investments authorized by this act and state or federal aid and from fees and charges for use of and services provided by the hospital." These moneys "shall be deemed public moneys and hospital moneys not immediately required for the purposes for which acquired may be invested in accordance with the provisions of K.S.A. 12-1675 and amendments thereto." K.S.A. 19-4608(c). K.S.A. 12-1675 provides that public moneys shall be invested only as set out therein. You indicate that the retirement project does not meet the requirements of K.S.A. 12-1675(c). Based on this information, it is our opinion that the Board may not invest county hospital funds in the retirement project.
We next turn to whether the Board could purchase and operate part of the retirement project. The Board may purchase the retirement project pursuant to the Hospitals and Related Facilities Act, K.S.A. 19-4601 et seq., if the retirement project falls within the definition of "hospital." The term "hospital" "includes within its meaning any clinic, school of nursing, long-term care facility, limited care residential facility and child-care facility operated in connection with the operation of the medical care facility." K.S.A. 19-4601(c).
K.S.A. 19-4601(c) was amended in 1995 to include a limited care residential facility within the definition of hospital. L. 1995, ch. 143, § 5. That amendment allows a limited care residential facility to be operated under the authority of the Hospital Board of Directors and allows moneys raised for hospital purposes to be used for such a facility. A limited care residential facility is defined in K.S.A. 19-4601(e) as "a facility, other than an adult care home, in which there are separate apartment-style living areas, bedrooms, bathrooms and individual utilities and in which some health related services are available." K.S.A. 19-4601(e) (emphasis added.) K.S.A. 65-3501(a) defines "adult care home" as a nursing facility, nursing facilities for mental health, intermediate care facilities for the mentally retarded, assisted living facility licensed for more than 60 residents, and residential health care facility licensed for more than 60 residents as defined by K.S.A. 39-923 and amendments thereto. . . ." Because K.S.A. 19-4601(c) specifically excludes an adult care home from the definition of a limited care residential facility, the Hospital Board must be certain that any portion of the retirement project they own and operate meets the definition of "limited care residential facility" and does not constitute an "adult care home." You do not describe the proposed Decatur County retirement project in any detail, therefore we are unable to reach an opinion as to whether it would be considered a limited care residential facility.
In summary, the Decatur County Hospital Board may not invest county hospital funds in the proposed for-profit retirement project. However, the Board may purchase and operate a part of the retirement project as a limited care residential facility if that part of the project meets the requirements provided in K.S.A. 19-4601(e).
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm